IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN BULLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.:  5:19-cv-747 (GTS/TWD)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jan Bullard ("Plaintiff"), through her undersigned attorneys, Bursor & Fisher, P.A., brings this Class Action Complaint against Defendant Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern Mutual"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

1. In direct violation of New York law, Defendant charges a $1.00 fee to all policyowners who have a scheduled monthly payment without using electronic funds transfer. Put another way, the $1.00 fee is imposed on policyowners who send Defendant a check each month.

2. Defendant's conduct is prohibited by New York General Business Law ("GBL") § 399-zzz, which provides that companies, like Defendant, shall not "charge a consumer an additional rate or fee … when the consumer chooses to pay by United States mail." GBL § 399-zzz(1). Defendant's violation of GBL § 399-zzz constitutes a deceptive act and practice under GBL § 349.

3. Accordingly, Plaintiff brings this putative class action on behalf of herself and all other similarly situated New Yorkers, and seeks compensatory damages, statutory damages, and injunctive relief.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendant transacts business and/or has agents within this District.

## PARTIES

6. Plaintiff Jan Bullard is a citizen of New York who resides in Auburn, New York. For many years, Ms. Bullard has had a life insurance account with Defendant, and since at least 2016, Defendant has charged Ms. Bullard a fee to pay her monthly premiums by mail, which Ms. Bullard has paid. A screenshot of the $1.00 fee to pay by mail from Ms. Bullard's May 2019 statement is below:



7. Defendant Northwestern Mutual Life Insurance Company is a Wisconsin corporation with its principal place of business at 720 East Wisconsin Avenue, Milwaukee, Wisconsin 53202. Northwestern Mutual is a financial services company, and is one of the biggest life insurance providers in the United States.

## NEW YORK GENERAL BUSINESS LAW § 399-zzz

8. Effective April 18, 2011, New York enacted GBL § 399-zzz, which provides that companies, like Defendant, shall not "charge a consumer an additional rate or fee … when the consumer chooses to pay by United States mail." GBL § 399-zzz(1).

9. The statute provides that "[e]very violation of this section <u>shall be deemed a deceptive act and practice</u> subject to enforcement under article twenty-two-A of this chapter," i.e., GBL § 349. GBL § 399-zzz(2) (emphasis added).

10. As the New York Legislature found "paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as those that are uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy." *See* NY State Assembly Memorandum In Support of Legislation, attached as Exhibit A.

11. Additionally, "[p]aper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet." *Id.*

## CLASS ACTION ALLEGATIONS

12. Plaintiff seeks to represent a class defined as all New York residents who were charged a fee by Defendant to make payments by mail. Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

13. Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

14.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant charged their customers a fee in order to pay by mail; and (b) whether any such fee(s) constitutes a violation of GBL § 399-zzz.

15.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant charging its customers a fee in order to pay their premiums by mail.

16.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

17.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also

presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Deceptive Acts Or Practices, New York GBL § 349**
**(On Behalf Of The Class)**

18. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

19. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

20. By the acts and conduct alleged herein, Defendant committed deceptive acts and practices by charging their customers an additional fee in order to pay by mail.

21. The foregoing deceptive acts and practices were directed at consumers.

22. The foregoing deceptive acts and practices are misleading in a material way because they constitute an unlawful fee under GBL § 399-zzz.

23. Plaintiff and members of the Class were injured because they were unlawfully charged a fee in order to pay by mail instead of online.  As a result, Plaintiff and members of the Class have been damaged in the full amount of fees they paid to Defendant in order to pay by mail.

24. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A.    Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C.    Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D.    Grant restitution to Plaintiff and the Class and require Defendant to disgorge their ill-gotten gains;

E.    Permanently enjoin Defendant from engaging in the unlawful conduct set forth herein; and

F.    Grant any and all such other relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  June 21, 2019                                            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Philip L. Fraietta*
         Philip L. Fraietta

Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

        Email:  fklorczyk@bursor.com
        *Pro Hac Vice* Forthcoming

*Attorneys for Plaintiff*